UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| THOMAS A. DUNN, | ) |   |
|---|---|---|
|  | ) |   |
| Plaintiff, | ) |   |
|  | ) |   |
| vs. | ) | No. 1:16-cv-00847-MPB-JMS |
|  | ) |   |
| KEVIN LARUSSA IMPD OFFICER, | ) |   |
|  | ) |   |
| Defendant. | ) |   |

**ORDER**

This matter comes before the Court on Defendant's, Indianapolis Metropolitan Police Department Officer Kevin Larussa,[1] Motion for Summary Judgment. (Docket No. 37). This dispute arises from allegations by Plaintiff, Thomas A. Dunn, ("Mr. Dunn") against Officer Larussa, alleging violations of his constitutional rights under 42 U.S.C. § 1983 and the Indiana Constitution. (Docket No. 1). Specifically, Mr. Dunn alleges that Officer Larussa violated his Fourth Amendment rights under the Constitution by using excessive force in the process of arresting him. Furthermore, Mr. Dunn alleges Officer Larrusa violated his equal protection rights under the Fourteenth Amendment. Officer Larrusa counters by arguing that Mr. Dunn's claims fail as a matter of law because Plaintiff's evidence controverts the allegations within his complaint and there is no admissible evidence that establishes that Officer Larussa used any of

---

[1]Officer Keith Albert, an original Defendant in this matter, also brought a Motion for Summary Judgment against Mr. Dunn. (Docket No. 37). Thereafter, Officer Albert was dismissed with prejudice from this matter by stipulation of the parties. (Docket No. 67; Docket No. 68). Thus, the Motion for Summary Judgment as to the claims brought against Officer Albert is **DENIED as moot** and this Entry will not include a discussion of those arguments.

the force Plaintiff alleged in his complaint. For the reasons set forth below, Defendant's Motion for Summary Judgment ([Docket No. 37](Docket No. 37)) is **DENIED**.

## I.   BACKGROUND

Because this Entry addresses a motion for summary judgment, the following facts are either undisputed or reflect evidence in the light most reasonably favorable to the non-moving party, Mr. Dunn. See [Luster v. Ill. Dep't of Corrs., 652 F.3d 726, 728 (7th Cir. 2011)](Luster v. Ill. Dep't of Corrs., 652 F.3d 726, 728 (7th Cir. 2011)).[2]

On November 25, 2014, at approximately 12:26 a.m., Officer Albert, in full police uniform and in a marked police car, was on patrol in the 2900 block of Dr. Martin Luther King Jr. Street.  He came upon a blue Ford Fusion automobile. The Fusion was traveling east on West 29th Street towards a red traffic light as Officer Albert pulled out of a gas station located at 2910 Dr. Martin Luther King Jr. Street. Officer Albert believed that the driver of the Fusion, later identified as the Plaintiff, Mr. Dunn, appeared to be nervous when he noticed Officer Albert at the gas station. Running the license plate information, Officer Albert learned that the car's owner's driving privileges were suspended, and that Plaintiff was operating the Fusion with a suspended license.

Officer Albert then asked Officer Larussa to follow the Fusion, turned his own vehicle around, activated its emergency lights, and began pursuing the Fusion. At that time, Officer Larussa was operating a fully marked police vehicle, in full police uniform also at the gas station located at 2910 Dr. Martin Luther King Jr. Street. The emergency lights on Officer Larussa's vehicle were activated when he turned his vehicle around to pursue the Fusion.

---

[2] Defendant argues that because Plaintiff did not include a section labeled Statement of Material Facts in Dispute, as required by Local Rule 56-1(b). Yet, Plaintiff does include a Statement of Material Facts Possibly in Dispute, which the Court accepts as in accordance with Local Rule 56-1(b).

The Fusion pulled to the right and stopped near the 3200 block of Dr. Martin Luther King Jr. Street. Officers Albert and Larussa and IMPD Officer Chris Coleman exited marked police vehicles and began to approach the Fusion. The Fusion, however, then accelerated northbound away from the officers. They then returned to their vehicles and Officer Albert advised dispatch that they were involved in a vehicle pursuit. Mr. Dunn testified that he had a warrant for his arrest, was on probation and feared going back to jail. ([Docket No. 38-2 at ECF p. 10](Docket No. 38-2 at ECF p. 10)).

Officer Albert followed the Fusion as it turned west onto West 33rd Street, on which Mr. Dunn proceeded until he reached a dead end. The Fusion then drove through a yard at 1146 West 33rd Street in what appeared to be an attempt to turn around, ramming into a parked, silver 2004 BMW automobile.

Mr. Dunn exited the driver's side of the Fusion and ran north. Officers Albert and Larussa pursued Plaintiff on foot. Officer Albert told Mr. Dunn to stop numerous times. Mr. Dunn initially refused to stop. He then fell on some broken concrete, stood up, and continued running. Mr. Dunn ultimately stopped running and surrendered. Plaintiff stopped running and put his hands up because he saw that he was not going to get away from the officers. ([Docket No. 38-2 at ECF p. 13](Docket No. 38-2 at ECF p. 13)). Officer Larussa caught up to Mr. Dunn around 1130 West 34th Street. Mr. Dunn testified that Officer Larussa hit him in the back of the head with a flashlight when he caught up to him. Mr. Dunn also testified that Officer Larussa stood over him and stomped on him at least 10 times, punched him 10 to 15 times, and kicked him in the head until he (Officer Larussa) "tired himself out." ([Docket No. 38-2 at ECF pp. 21-23](Docket No. 38-2 at ECF pp. 21-23)). Mr. Dunn testified that Officer Larussa then placed him in handcuffs. ([Docket No. 38-2 at ECF p. 24](Docket No. 38-2 at ECF p. 24)). Mr. Dunn testified that he did not remember any other excessive force being used during the arrest. ([Docket No. 38-2 at ECF p. 24](Docket No. 38-2 at ECF p. 24)). Mr. Dunn assumed that Officer Albert saw the arrest because Officer Albert

prepared the police report. ([Docket No. 38-2 at ECF p. 38](#)). However, Officer Albert stated he did not see Officer Larussa kick, punch, stomp, or strike Mr. Dunn before or after he placed him in handcuffs. ([Docket No. 38-1 at ECF p. 4](#)).

After Officer Larussa handcuffed Plaintiff, IMPD Officers Chris Clouse, Larussa, and Albert transported Plaintiff back to where he crashed the Fusion in to the BMW. Mr. Dunn was eventually transported from the scene by a medic.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [*Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007)](#), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." [*Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009)](#) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." [*Hemsworth*, 476 F.3d at 490 (citation omitted)](#). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." [*Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001)](#) (citation and internal quotations omitted).

## III. DISCUSSION

Mr. Dunn alleges that Officer Larussa violated his Fourth Amendment rights by using excessive force in the arrest. In addition, he contends that Officer Larussa's actions violated the Equal Protection Clause of the Fourteenth Amendment. Lastly, Mr. Dunn alleges Defendant violated Article 1, Section 12 of the Indiana Constitution. ([Docket No. 1](#)).

Officer Larussa moves for summary judgment arguing there is no admissible evidence that supports the allegations in Mr. Dunn's complaint. ([Docket No. 37 at ECF p. 2](#)). He does not specifically attack the insufficiency of the three alleged violations, enumerated above. Instead, Officer Larussa argues that Plaintiff alleged that his rights were violated when Defendants (1) caught him, (2) took him to the ground, (3) handcuffed him, and (4) beat him by punching him, kneeing him, slamming his face into the concrete, and elbowing him in the face during his arrest. ([Docket No. 37 at ECF p. 1](#)). In sum, Officer Larussa argues that Plaintiff's complaint only speaks to force used after he was placed in handcuffs. ([Docket No. 39 at ECF p. 8](#)). Officer Larussa argues that this is significant because Plaintiff only testified regarding excessive force he received prior to being handcuffed and, as he argues, Plaintiff testified no excessive force was used after he was handcuffed. ([Docket No. 39 at ECF p. 15](#)). Thus, Officer Larussa concludes that Plaintiff cannot bring an excessive force claim against him.

Mr. Dunn counters that he is not bound by what he alleged in the pleadings. ([Docket No. 78 at ECF p. 5](#)). Moreover, he argues that there is both sworn testimony and independent medical records that the allegations as set forth in his Complaint are consistent with an act of unreasonable and excessive force by a police officer in violation of his Fourth Amendment rights. ([Docket No. 78 at ECF p. 6](#)).

A plaintiff can "plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Soo Line R. Co. v. St. Louis Southwestern Ry. Co*, 125 F.3d 481, 483 (7th Cir. 1997). It is a "well-settled" "rule that a party is bound by what it states in its pleadings." *Id.*; *see also* *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1014 (7th Cir. 2000) (stating that a court has the discretion to treat an allegation in a party's pleading as a judicial admission). Nonetheless, in determining whether a pleading is "unequivocally" contradicted by admissible evidence the court must view that evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008).

Plaintiff's complaint, which he filed pro se, alleges, in relevant part:

> On Nov. 25, 2014 I fled from the defendants. Once they caught me and took me to the ground and handcuffed me, the [sic] beat me by punching me, kneeing me, repeatedly slamming my face into the concrete and elbowing me in the face over and over.
>
> On Nov. 25th, 2014 I was driving and was pulled over. I attempted to flee and was chased by both defendants. I fell down due to my pants falling down. Both officers took me down as I tried to get back up. At that time I did not resist or struggle. At that point both defendants began to beat me up and curse and tell me that I shouldn't have made them chase me and by this time I was fully handcuffed and subdued due to my hands being cuffed behind my back. I was beaten so badly that I received six fractures in my face, my right cheekbone was knocked out of alignment and pertruding [sic] under my right eye.

(Docket No. 1 at ECF pp. 4-5).

At Plaintiff's deposition, which was also conducted while Plaintiff was pro se, he testified, in relevant part:

> Q: Okay. And, so, Officer Larussa approaches you, he says "Keep your hands up," hits you with a flashlight. And, so, at that time, you still have your hands up?
>
> A: Yes.
>
> Q: After he hits you with the flashlight, are you still on your feet or –
>
> A: No, after he hit me with the flashlight, I stumbled forward and hit the ground. And when I hit the ground, I'm laying on my right side of my face and my hands are still up. I'm still surrendering, not trying to get up or anything, and he's just stomping me, punching me, stomping me, punching me, and kicking me.
>
> Q: So you're laying facedown on the ground, it sounds like. Was it the right side of your face?
>
> A: Yes.
>
> Q: So the right side of your face is on the ground, your cheek lying there. When you hit the ground, did you feel the impact on your face? Like was it like the ground smacked you in the face?
>
> A: Yes, because I blacked out a little bit because he smacked me in the back of the head, like at the soft part of the back of my head, and I remember laying there and I was still submitting and I was just wondering when he was gonna stop hitting me, you know.

([Docket No. 38-2 at ECF pp. 19-20](Docket No. 38-2 at ECF pp. 19-20)).

> Q – and just stopped using force. While he was using force, did he at any time try to place any cuffs on you or I guess make any attempt to detain you in a way other than using force?
>
> A: I believe he put the cuffs on me after I was on the ground after he – I don't remember when he put the cuffs on, but the cuffs was on before I got off the ground.
>
> Q: Okay. And so you don't remember when, but do you remember kind of how that went down? So he's stomping, he's punching, he's

>kicking, eventually wears out. At that point, does he then place the cuffs on you?
>
>A: I believe so.
>
>Q: And I know the officers have described to me a lot of times the way – the techniques they're taught of how to put the cuffs on. Did he just kind of kneel over you or was he using force as he was putting the cuffs on?
>
>A: I believe so.
>
>Q: How do you remember that taking place?
>
>A: I think he put a knee in my back. I'm pretty sure he did. I wouldn't see – if he did that, I wouldn't see him just putting the hands behind my back and putting the cuffs on because by now he probably figure I'm gonna try to retaliate or anything. So I'm pretty sure he put his body weight on me and then cuffed me up. It only makes sense.

([Docket No. 38-2 at ECF pp. 23-24](#)).

>Q: And I did want to make sure – we've talked about the uses of force here. I'm kind of trying to make this step by step so I understand all the force that was used and then we'll kind of get into the damages as well and the injuries. So we had talked about the stomping, the kicking, the punching. We also talked about the use of the flashlight where he hit you with the flashlight and then placed you in cuffs and, as he was doing so, you believe his knee was on top of you with his weight on top of you.
>
>A: Yes.

([Docket No. 38-2 at ECF pp. 30-31](#)).

The Court disagrees with Officer Larussa's assertion that Mr. Dunn unequivocally alleges force was only used after he was handcuffed. ([Docket No. 39 at ECF p. 8](#)). The Complaint is not as black and white as Officer Larussa presents.[3] Reading the complaint in a light most favorable

---

[3] In fact Mr. Dunn's deposition testimony that Defendant relies on for this assertion in his opening brief quite clearly indicates no other *types* of force were used and not necessarily that no force was used after he was handcuffed. ([Docket No. 38-2 at ECF pp. 30-31](#), lines 20-25 and 1-13)

to Plaintiff, the first paragraph, which provides that he was "taken to the ground and handcuffed," and was "beat" could, at least, be read as he was being beaten while handcuffed and also could be read to allege excessive force when he was taken to the ground, prior to being handcuffed. This, in fact, is consistent with Plaintiff's testimony. Moreover, the Plaintiff's second paragraph discusses being beaten in two places. Reading the complaint in a light most favorable to Mr. Dunn and drawing all reasonable inferences in his favor, the Court does not find that he only alleged excessive force used after being handcuffed.

Likewise, Mr. Dunn's testimony, contrary to Officer Larussa's contentions, does not incontestably illustrate Mr. Dunn only testified that force was used prior to being handcuffed. Mr. Dunn testified he could not remember when he was handcuffed—it was at least when he was on the ground and before he got up off the ground. ([Docket No. 38-2 at ECF p. 24](#)). His testimony was that Officer Larussa hit him with a flashlight, causing him to fall, and thus there is at least some evidence of force used prior to being handcuffed. ([Docket No. 38-2 at ECF p. 19](#)). Shortly thereafter, he admits he doesn't know exactly when he was handcuffed, just when he was on the ground, which is followed up by two questions from defense counsel—neither which make clear that he is asking whether any force was applied after being handcuffed. The first question and answer—Q: "[A]t that point, does he then place the cuffs on you" A: "I believe so."—doesn't address whether additional force was used after the handcuffs. ([Docket No. 38-2 at ECF p. 24](#)). The follow-up question—Q: Did he just kind of kneel over you or was he using force as he was putting the cuffs on? A: I believe so.—was a compound question leaving no certain conclusion that could be drawn from the answer. ([Docket No. 38-2 at ECF p. 24](#)). Reading all of this testimony in a light most favorable to Mr. Dunn, one cannot conclude that there are no admissible facts to support the allegations in the complaint.

Even if we could conclude that the facts testified to and the facts alleged by Mr. Dunn were wholly contradictory, this case is not akin to the cases cited by Defendants for the proposition that Mr. Dunn has pleaded himself out of court. In *Kantner v. Merck & Co., Inc.*, 2005 WL 277688 (S.D. Ind. Jan. 26, 2005), the plaintiff sought relief under state law grounds and expressly stipulated in her complaint that she was not seeking and would not accept any recovery in excess of $75,000, exclusive of costs and interest and that she would make no claim for equitable or injunctive relief. *Id.* at *6. On these facts, the Court held Plaintiff had pleaded herself out of federal court for lack of subject matter jurisdiction. *Id.* at *5. In *Soo Line R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481 (7th Cir. 1997), the plaintiff's amended complaint stated that it had entered into a contract for services, yet the complaint was filed after the applicable three-year statute of limitations for civil actions to recover for charges for services so the district court granted summary judgment. *Id.* at 483. *Soo* argued that that statute did not apply arguing it was the recipient, not the provider, of services and the contract was for reimbursement, but the Court held that the complaint was a binding admission and thus, *Soo* had pleaded itself out of court. *Id.* In *Taylor v. Monsanto Co.*, 150 F.3d 806, 808-809 (7th Cir. 1998), the court declined to apply the sophisticated intermediary doctrine, despite plaintiffs' argument otherwise, because plaintiffs' own complaint *and* the vast majority of the evidence precluded the doctrine's applicability.

In the cases summarized above and the other cases relied upon by Officer Larussa for this proposition, either the allegations pleaded in the complaint or the evidence presented at summary judgment stage illustrated that those plaintiffs' claims could not prevail as a matter of law. Here, even if we accept Officer Larussa's argument that Mr. Dunn's complaint only alleges force post-handcuffing, this temporal conclusion would not preclude an excessive force claim from going forward. *See Morfin v. City of East Chicago*, 349 F.3d 989, 1004 (7th Cir. 2003) (stating an

excessive force claim considers the issue of whether an officer's actions were 'objectively reasonable' in light of the situation the officer faced, considering a variety of factors). Most telling, defendant does not argue that the pre/post handcuff distinction is legally relevant to an excessive force claim—only that the complaint and evidence are black-and-white contradictory and, for that reason, it would be proper to find in Officer Larussa's favor for summary judgment.

In sum, the Court does not find that no reasonable fact-finder could return a verdict for Mr. Dunn as it is not unequivocal that the complaint only discusses excessive force post-handcuffing and the evidence only establishes excessive force pre-handcuffing; nor, even if the court, in its discretion, adopted those narrow sequences of events as judicial admissions are the cases relied upon by Defendant squarely on point. Thus, any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

For the foregoing reasons, Officer Larussa's Motion for Summary Judgment is **DENIED**. (Docket No. 37).

**SO ORDERED.**

**Dated:** 8/22/2017

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Service will be made electronically on all ECF-registered counsel of record.